# UNITED STATES DISTRICT COURT
## NORTHERN DISTRICT OF OHIO
### EASTERN DIVISION

| | | |
|---|---|---|
| Tyesha Gonzalez, | : | Case No. 1:09CV1093 |
| | : | |
| Plaintiff | : | Judge Peter C. Economus |
| | : | |
| v. | : | Magistrate Judge David S. Perelman |
| | : | |
| Commissioner of Social Security, | : | **REPORT AND RECOMMENDED** |
| | : | **DECISION** |
| Defendant | : | |

This action, in which jurisdiction is invoked under 42 U.S.C. §§405(g) and 1383(c)(3), is before the Court upon the defendant's "Motion To Dismiss Or, In The Alternative, Motion For Summary Judgment" (Doc. #10).

The plaintiff applied for an award of supplemental security income, 42 U.S.C. §1381 et seq., on some unknown date, apparently in late 2007 or early 2008.[1]

Until initial denial of her claim at the state agency level the plaintiff requested reconsideration of that determination. Under date of February 6, 2008 she was notified that reconsideration had been denied. Included in that notice was the following:

> If you believe that the reconsideration determination is not correct, you may request a hearing before an administrative law judge of the Office of Disability Adjudication and Review. If you want a hearing, you must request it not later than 60 days from the date you receive this notice. You may make your request through any Social Security

---

[1]The application date does not appear in plaintiff's complaint, in the parties' briefing or in the declaration in support of defendant's motion or the exhibits appended thereto.

office or on the Internet at http://socialsecurity.gov/disability/appeal. As part of the appeal process, you also need to tell us about your current medical condition. We provide a form for doing that, the Disability Report-Appeal. You may contact one of our offices or call 1-800-772-1213 to request this form. Or, you may complete the report online after you complete the online Request for Hearing by Administrative Law Judge. Read the enclosed leaflet for a full explanation of your right to appeal.

**If You Want Help With Your Appeal**

You can have a friend, lawyer or someone else help you. These are groups that can help you find a lawyer or give you free legal services if you qualify. There are also lawyers who do not charge unless you win the appeal. Your local Social Security office has a list of these groups that can help you with your appeal.

If you get someone to help you, you should let us know. If you hire someone, we must approve the fee before he or she can collect it.

**New Application**

You also have the right to file a new application at any time,[2] but filing a new application is not the same as appealing this decision. If you disagree with this decision and you file a new application instead of appealing, you might lose some benefits, or not qualify for any benefits. So, if you disagree with this decision, you should ask for an appeal within 60 days.

This determination refers only to your claim for Supplemental Security Income Payments. You will be notified separately if you also filed a claim for Social Security benefits.

Please get in touch with Social Security if you believe this decision is wrong or you have any questions or need more information. Most questions can be handled by phoning or writing any Social Security office. If you visit a Social Security office, please bring this notice with you. If the decision in your case is based on incorrect information, we will be happy to make whatever change is necessary.

**If You Disagree With The Decision**

---

[2]There is nothing in the parties' briefs as to whether the plaintiff filed a new application, which certainly would have been the prudent thing to do even while she pursued the denial of this application.

2

> If you believe that the reconsideration determination is not correct, you may request a hearing before an administrative law judge of the Office of Disability Adjudication and Review.  If you want a hearing, you must request it not later than 60 days from the date you receive this notice.  You may make your request through any Social Security office or on the Internet at http://socialsecurity.gov/disability/appeal. As part of the appeal process, you also need to tell us about your current medical condition.  We provide a form for doing that, the Disability Report-Appeal.  You may contact one of our offices or call 1-800-772-1213 to request this form.  Or, you may complete the report online after you complete the online Request for Hearing by Administrative Law Judge.  Read the enclosed leaflet for a full explanation of your right to appeal.
>
> If you request a hearing, your case will be assigned to an administrative law judge of the Office of Hearings and Appeals.  The administrative law judge will let you know when and where your case will be heard.

(Emphasis added.)

Allowing five days for receipt of the notice, the sixty day period for filing a timely request for review by an Administrative Law Judge (ALJ) expired on April 10, 2008.  The plaintiff did not request a hearing by that date.  She did so on May 8, 2008.

On May 27, 2008 plaintiff's present counsel entered an appearance (the plaintiff had been unrepresented to that time).  It is unclear what, if anything, counsel did after entering that appearance, as there is nothing appended to defendant's motion or plaintiff's opposition thereto reflecting any submission to the ALJ by counsel, although as will appear hereinafter from the face of the ALJ's ruling someone offered him an explanation for the lack of a timely request for hearing.

On September 10, 2008 the ALJ entered an "Order of Dismissal."  In full text it reads:

> This claim was denied initially and then upon reconsideration on February 6, 2008.  Thereafter, the clamant filed an untimely written request for hearing on May 8, 2008.  The claimant is represented by Kirk B. Roose, an attorney.

3

An Administrative Law Judge may dismiss a request for hearing if the claimant did not request a hearing within the stated time period and no extension of time has been granted for requesting the hearing (20 CFR 416.1457(c)(3)).

A request for hearing must be filed within 60 days after the date the claimant received notice of the previous determination (or within the extended time period if an extension of time has been granted) (20 CFR 416.1433(b)(1)).  The notice of the previous determination is presumed to have been received 5 days after the date on the notice, unless the claimant can establish that she did not receive the notice within the 5-day period (20 CFR 416.1401).

If the claimant has a right to a hearing, but has not requested one in time, she may ask for more time to make the request.  The request for an extension of time must be in writing and give the reasons why the request for a hearing was not timely filed.  If the claimant can establish good cause for missing the deadline, the time period will be extended.  To determine whether good cause exists, the standards explained in 20 CFR 416.1411 are used (20 CFR 416.1433(c)).

The claimant filed the request for hearing more than 65 days after the date of the notice of reconsideration determination, in fact nearly one month late, and the claimant has not established that she did not receive this determination within 5 days of this date.  Accordingly, the request for hearing was not filed within the stated time period.

In terms of extending the time to file the request, the claimant stated that she missed the deadline to request a hearing because she "has been in and out of the hospital with her father and nephew."  The undersigned has considered this explanation under the standards set forth in 20 CFR 416.1411 and finds that the claimant has not established good cause for missing the deadline to request a hearing. This statement is too vague, and it lacks sufficient specific factual detail to establish that a death or serious illness in the claimant's immediate family prevented her from contacting us either in person, in writing, or through a friend, relative or other person throughout the 60-day appeal period, or even in the last few remaining days of it, and that it continued to prevent her from filing for nearly one month after the deadline.  In addition, there is no other evidence of any other circumstances to establish good cause.  There is no evidence this agency did anything to mislead the claimant, or that she did not understand the appeal requirements, or that she has any physical, mental, educational, or linguistic limitations that prevented her from

4

filing timely, or that she made a good faith effort to appeal that failed for whatever reason, or that there were any other unusual or unavoidable circumstances that specifically prevented her from filing timely or that prevented her from knowing of the need to file timely.

Because the request for hearing was not filed within the stated time period, and because the claimant has not established good cause for missing the deadline to request a hearing, the request for hearing dated May 8, 2008 is dismissed and the reconsideration determination dated February 6, 2008 remains in effect.

Where the representation alluded to by the ALJ that the plaintiff stated that she had missed the deadline because she had been in and out of the hospital with her father and nephew came from is unknown, as there is no documentation appended to either brief reflecting any transmission to the ALJ by the plaintiff or her counsel containing such a statement.

In seeking review of the ALJ's ruling by the Appeals Council plaintiff's counsel argued:

In addition, the dismissal's boilerplate statement that the claimant does not have any mental limitation that prevented her from filing timely, does not mention the very severe mental limitation. The state agency found "moderate B" limitations in "concentration, persistence, or pace" to permit the timely completion of tasks. The state-agency mental RFC from [sic] shows moderately limited "ability to perform activities within a schedule...and be punctual." The Case Analysis by John Waddell, Ph.D., for the state agency, found that an allowance had been planned based on the treating psychiatric source, but that "absent her situational stressors, claimant may be able to handle the stress of simple, routine tasks."

The claimant's statement about late filing said that she "has been in and out of the hospital with her father and nephew."

These situational stressors dovetail with the psychiatric record showing she could not handle simple tasks or be punctual when confronted with situational stressors.

Attached is a copy of a hospitalization record for the claimant's father, proving the claimant's contention that her father was in and out of the hospital during the time the claimant should have been filing her Request for Hearing. The claimant's proven susceptibility

5

> to situational stressors like the ones she faced during the 65-day
> appeal period constitutes good cause for late filing by this
> unrepresented claimant.
>
> The Council should remand for a hearing.

None of the evidence referenced in that submission, which was appended to defendant's motion, is in the record before this Court, as plaintiff's counsel did not see fit to append it to his rather desultory four page opposition to the defendant's motion.

The Appeals Council denied review of the ALJ's dismissal order on March 18, 2009, and this action was initiated on May 12, 2009.

Defendant's argument for dismissal is predicated upon the proposition that an order of dismissal by reason of failure to timely seek review by an ALJ is not a final appealable order subject to judicial review pursuant to 42 U.S.C. §§405(g) and 1383(c)(3).  That position is codified in the Social Security regulations at 20 C.F.R. §416.459 ("the dismissal of a request for hearing is binding, unless it is vacated by an administrative law judge or the Appeals Council").  The Sixth Circuit has applied this standard in rejecting jurisdiction over an appeal from a denial of hearing by reason of untimely filing.  Hilmes v. Secretary of Health and Human Services, 983 F.2d 67, 69 (6th Cir. 1993).

The exception to this bar is that an otherwise unappealable decision may be challenged if a claimant alleges and establishes a colorable constitutional claim.  Califano v. Sanders, 430 U.S. 99 (1977).  No such claim is asserted in plaintiff's complaint, nor argued in plaintiff's brief.

The arguments made by plaintiff's counsel concerning the defendant's alleged failure to follow internal procedures are an unavailing exercise in grasping at straws.  If this federal court is without subject matter jurisdiction over the action by virtue of the lack of a final determination subject to judicial review it obviously cannot consider those strawman arguments.

Finally, the facts that the plaintiff may have been distracted by pressing family considerations and/or may have some level of mental/emotional impairment cannot excuse her lack of timely filing.  If that was a viable excuse every claimant dealing with a family emergency or who suffered from any level of mental/emotional impairment would be relieved from timely seeing <u>de novo</u> review by an ALJ, which would be completely inconsistent with the structure of the administrative review process.

It is recommended that the defendant's motion to dismiss be granted.


s/DAVID S. PERELMAN
United States Magistrate Judge


DATE:    November 19, 2009


## OBJECTIONS

Any objections to this Report and Recommended Decision must be filed with the Clerk of Courts within ten (10) days of receipt of this notice.  Failure to file objections within the specified time waives the right to appeal the District Court's order.  *See, United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).  *See, also, Thomas v. Arn*, 474 U.S. 140 (1985), *reh'g denied*, 474 U.S. 1111 (1986).